UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE BYAS,

                    Petitioner,                    Case No. 2:17-cv-10387
                                                   Hon. Nancy G. Edmunds

v.

MITCH PERRY,

                    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner, Tommie Byas, initiated this action by filing a pleading he captioned "Petitioner's Rule 60(B) Motion for Relief From Judgment." The pleading raises constitutional challenges to his February 14, 2012, Saginaw Circuit Court convictions for third-degree criminal sexual conduct, gross indecency, extortion, and domestic violence. Dkt. 1, at Page ID 6. Petitioner claims that his no contest plea is invalid because he was not informed of the requirement to register as a sex offender, the terms of the sentencing agreement were not enforced, and he was denied the effective assistance of counsel. Id., at Page ID 2. Because these claims are identical to the claims he presented in a previously filed habeas petition and which were denied on the merits, this case will be summarily dismissed pursuant to 28 U.S.C. § 2244(b)(1). The Court will also deny a certificate of appealability and permission to appeal in forma pauperis.

I.

Although Petitioner styles his pleading as a motion for relief from judgment, Federal Rule of Civil Procedure 60(b) only allows a party to seek relief from judgment, and request reopening of a habeas case, under a limited set of circumstances. See *Gonzalez v. Crosby*, 545 U.S. 524, 528

(2005). A Rule 60(b) motion is appropriate to "attack [ ] ... some defect in the integrity of the [prior] federal habeas proceedings." *Id.* at 532. A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—should not be construed as a second or successive habeas petition. *Id.* at 532 n. 4. However, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion." *Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532). Because Petitioner's pleading raises substantive claims challenging his state court convictions and does not challenge the integrity of his earlier federal habeas proceeding, his motion is properly construed as a second or successive application for habeas relief subject to the limitations imposed by 28 U.S.C. § 2244(b).

28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Petitioner previously sought federal habeas relief with respect to his convictions raising identical claims, and that petition was denied on the merits. See *Byas v. Romanowski*, 2014 WL 2587694, at *3-4, 7 (E.D. Mich., 2014). The Sixth Circuit subsequently denied a certificate of appealability. See *Byas v. Romanowski*, No. 14-1815 (6th Cir. Nov. 5, 2014). "If a prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661 (2001) (citation omitted); see also *Gonzalez*, 545 U.S. at 529-30 ("First, any claim that has already been adjudicated in a previous petition must be dismissed."); *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (claims raised in previous habeas petition and barred

-2-

under § 2244(b)(1) will be dismissed). Accordingly, Petitioner's claims are barred from review under § 2244(b)(1) and the petition must be summarily dismissed.

## II.

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his petition is barred by § 2244(b)(1). The Court will therefore deny a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## III.

Accordingly, the Court 1) **SUMMARILY DENIES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

s/ Nancy G. Edmunds
Honorable Nancy G. Edmunds
United States District Judge

Dated: 2/15/17

-3-