UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE BYAS,

    Petitioner,

Civil No. 2:17-cv-10387
Honorable Nancy G. Edmunds

MITCH PERRY,

    Respondent.

_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [Dkt. 11] AND DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [Dkt. 14]**

Before the court is Petitioner's THIRD motion for relief from judgment. On February 15, 2017, this Court summarily denied Petitioner's petition for a writ of habeas corpus on the grounds that it constituted a prohibited successive application for habeas relief under 28 U.S.C. § 2244(b)(1). Petitioner filed a motion for relief from judgment that was denied because it simply re-raised the same claims rejected by the Court in its opinion denying the petition. See Dkt. 5. Petitioner filed a second motion for relief from judgment that again raised the same claims based on the same authority that the Court had already rejected. See Dkt. 7. That motion was denied on the same basis. Dkt. 8. Petitioner has now filed a third motion for relief from judgment, raising yet again the same arguments and claims. See Dkt. 11. On May 11, 2018, Petitioner has also filed a motion for an extension of time to file an appeal relating to the December 13, 2017, denial of his second motion for relief from judgment. See Dkt. 14.

A, Rule 60(b) motion "does not allow a defeated litigant a second [or fourth] chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). As with Petitioner's previous

motions, the Court can discern no basis in Petitioner's current motion undermining the Court's disposition of the case.

With respect to the motion for extension of time to file an appeal, the Sixth Circuit found that Petitioner's appeal from the denial of his second motion for relief from judgment was untimely. See *Byas v. Perry*, No. 18-1254 (6th Cir. April 24, 2018). Federal Rule of Appellate Procedure 4(a)(1) states that a notice of appeal must be filed within 30 days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). A party asserting excusable neglect or good cause, however, may seek to extend the time limit if they file a motion for extension of time within 30 days of the time for filing a notice of appeal. See Rule 4(a)(5); *Zack v. United States*, 133 F.3d 451, 453 (6th Cir. 1998). Petitioner does not allege that he did not receive the Court's order denying his motion, and his motion for an extension was filed more than 30 days of the time for filing a notice of appeal. Therefore, Petitioner's motion to extend time to file a notice of appeal must be denied.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment [Dkt.11] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time to file a notice of appeal is **DENIED**.

s/ Nancy G. Edmunds<br>Hon. Nancy G. Edmunds<br>United States District Judge

Dated: May 30, 2018

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Order was served by electronic means or

U.S. Mail to Counsel of Record and/or Pro Se Parties on May 30, 2018.

s/ L. Bartlett<br>
Case Manager